UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TODD ROBBEN, | No. 2:16-cv-2696-WBS-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |
| CITY OF SOUTH LAKE TAHOE, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a request for the appointment of counsel, and a request to electronically file with the court.[1]

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This request (ECF No. 14) is denied pursuant to Local Rule 133(a), which provides that pro se parties, such as plaintiff, shall file and serve paper documents.

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**III. Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend for failure to state a claim. The complaint names Laney, Wilson, Webber, and Chief Uhler as defendants and alleges that they all work for the South Lake Tahoe City Police Department. Laney and Wilson allegedly "fabricated a false DUI charge," and Webber allegedly "fabricated a false charge of driving on suspended license and expired registration/false tags . . . ." ECF No. 1, § IV. The complaint lists the following claims: Fourth Amendment, Fourteenth Amendment, RICO, conspiracy (state and federal), fraud, *Monell*, failure to train/discipline, neglect in hiring, infliction of mental and emotional distress, malicious prosecution, and false imprisonment. *Id.* Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, the allegations are too vague and conclusory to state a cognizable claim for relief. The complaint will be dismissed with leave to amend.

First, although the complaint references the Fourth and Fourteenth Amendments, the facts alleged do not demonstrate any such violations of plaintiff's rights. There are no facts alleging that plaintiff was subjected to an unreasonable search or seizure in violation of the Fourth Amendment. There are also no facts alleging that plaintiff was denied his right to due process or to equal protection in violation of the Fourteenth Amendment. In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Second, the complaint fails to plead sufficient facts to state a Racketeering Influenced and Corrupt Organization Act ("RICO") claim. To state a civil RICO claim, a plaintiff must allege:

(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). Those so-called "predicate acts" under RICO, if based on a theory of fraudulent conduct, must be alleged with specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 2004).

Third, the complaint cannot support any claim based on a conspiracy, which requires allegations of specific facts showing that two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Fourth, the allegations are not sufficient to demonstrate fraud. When a plaintiff raises claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d

4

1399, 1405 (9th Cir.1996)).  Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n. 7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995).

Fifth, the complaint fails to state a *Monell* claim for relief because it neither names El Dorado County as a defendant nor alleges that plaintiff was injured as a result of employees acting pursuant to any policy or custom of El Dorado County.  A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

Sixth, the complaint appears to name Chief Uhler as a defendant simply because of his role as a supervisor.  The complaint fails to state a claim against Uhler because it does not show how Uhler, through his own individual actions, has violated plaintiff's rights.  Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*

Seventh, the complaint fails to state a claim of malicious prosecution.  To state a claim of malicious prosecution, a plaintiff must show that the defendant initiated proceedings against him with the intent to deprive him of his constitutional rights.  *Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. Cal. 1987).   In addition, the proceeding must have been (1) pursued to a legal termination favorable to plaintiff, (2) brought without probable cause, and (3) initiated with malice.  *Womack v. County of Amador*, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008).

1     Lastly, plaintiff's remaining claims appear to be brought under state tort law, which do not come within the jurisdiction of the federal courts. Regardless, the complaint does not properly allege any such claims because it does not plead compliance with the California Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the Act but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the Act must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

    For these reasons, plaintiff's complaint must be dismissed. Plaintiff will be granted leave to file an amended complaint to permit him another opportunity to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

    Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

    It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

| | |
|---|---|
| 1 | Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George* |
| 2 | *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). |
| 3 | Any amended complaint must be written or typed so that it so that it is complete in itself |
| 4 | without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended |
| 5 | complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the |
| 6 | earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 |
| 7 | F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter |
| 8 | being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. |
| 9 | 1967)). |
| 10 | The court cautions plaintiff that failure to comply with the Federal Rules of Civil |
| 11 | Procedure, this court's Local Rules, or any court order may result in this action being dismissed. |
| 12 | *See* E.D. Cal. L.R. 110. |

**IV.     Request for Appointment of Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**V.      Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 13) is granted.

/////

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith.
3. Plaintiff's request for the appointment of counsel (ECF No. 9) is denied.
4. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 2, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE